Lauren Tegan Rodkey, Esq. (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
tegan@pricelawgroup.com

*Attorneys for Plaintiff,*
*Jacey Pacha*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACEY PACHA,<br><br>            Plaintiff,<br><br>vs.<br><br>EGS FINANCIAL CARE, INC.,<br><br>            Defendant. | Case No. 2:21-cv-07197-GW-JPR<br><br>Hon. George H. Wu<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br><br>2. FDCPA 15 U.S.C. § 1692 *et. seq.*<br><br>3. Invasion of Privacy – Intrusion Upon Seclusion |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiff, Jacey Pacha ("Plaintiff"), through her attorneys, alleges the following against EGS Financial Care, Inc. ("EGS" or "Defendant"):

**INTRODUCTION**

1.     Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection

Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692. The FDCPA is a federal statute that broadly prohibits persons from engaging in abusive and/or deceptive debt collection practices.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5. Plaintiff also brings this complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship (Plaintiff is a citizen of Kansas and Defendant is a citizen of California) and the amount in controversy exceeds $75,000.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in the State of Colorado.

9. Defendant EGS is a debt collector with its principal place of business located in Irvine, California. EGS can be served through EGS's registered agent, Corporation Service Company, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 96833.

10. Upon information and belief, Defendant is a vendor who places calls for Credit One Bank, N.A. ("Credit One") posing as if it is a Credit One agent.

11. Upon information and belief, Defendant is a call center debt collector who acts independently from Credit One using their own agents and equipment to contact Plaintiff. Defendant is "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PROCEDURAL HISTORY

13. On or about January 22, 2020, Plaintiff filed a complaint in the United States District Court in the District of Nevada against non-party Credit One alleging violations of the TCPA and an Invasion of Privacy – Intrusion Upon Seclusion claim.

14. Plaintiff filed suit against Credit One with the intention of conducting limited discovery to identify the actual parties responsible for placing the collection calls to her cellular telephone.

15. On or about March 6, 2020, Credit One moved to dismiss Plaintiff's claim and compel arbitration.

16. On or about October 29, 2020, the court granted Credit One's motion and compelled Plaintiff to arbitration.

17. During the entire process, Plaintiff's counsel informally sought the names of the entities responsible for placing the calls to Plaintiff's cell phone, but Credit One refused to identify the entities absent a court or arbitrator compelling them to do so.

18. On or about November 11, 2020, Plaintiff initiated arbitration proceedings against non-party Credit One. Plaintiff's arbitration demand explicitly denied that the claims against the non-party Does were arbitrable and the purpose of filing the arbitration demand was to learn the identities of the parties responsible for placing the calls to Plaintiff.

19. On or about December 29, 2020, Plaintiff and Credit One agreed to stay the arbitration proceedings pending the ruling from the Supreme Court in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163.

20. On or about May 12, 2021, and after the Supreme Court's ruling in *Facebook*, the stay of arbitration proceeding was lifted.

21.     On or about July 29, 2021, Credit One provided their initial document exchange, which identified Defendant as one of the parties responsible for making calls to Plaintiff during the relevant time period.

## FACTUAL ALLEGATIONS

22.     Defendant is attempting to collect an alleged debt from Plaintiff on behalf of Credit One.

23.     Upon information and belief, Defendant regularly collects debt on behalf of original creditors; sometimes identifying themselves by their true identity and other times using the identity of the creditor that hired them.

24.     In all instances, Defendant is using its own equipment and has control over its operations.

25.     Upon information and belief, Defendant has a vendor agreement with non-party Credit One that allows them to collect debt on their behalf.

26.     In or around May of 2019, Credit One's third-party vendors began placing calls to Plaintiff's cellular phone, ending in 0322, in an attempt to collect an alleged debt.

27.     The calls placed by the third-party vendors originated from the following number(s): (956) 275-2195, (210) 674-9074, (856) 212-0932, (779) 218-8951, (435) 222-5762, (973) 521-8112, (480) 400-1280, (914) 650-0851, (661) 553-4132, (480) 510-3471, (567) 318-6402, (501) 443-8114, (567) 318-6352, (213) 418-1639, (434) 829-4342, (531) 200-6514, (531) 200-6565, (531) 200-6616, (531) 365-8420, (531) 365-8220, (531) 200-

2911, (531) 200-6013, (402) 287-7704, (402) 287-7761, (402) 287-7807, (531) 200-2808, (531) 365-8317, (402) 287-7774, (531) 200-6011, (531) 200-2808, (531) 200-2909, (531) 200-0387, (531) 365-8217, (531) 365-8320, (531) 200-0417, (531) 365-8417, (402) 287-7704, (531) 200-0387, (531) 200-0417, and (402) 287-7807

28.   Upon information and belief, each time the third-party vendors, including Defendant, would call Plaintiff they falsely represented themselves as Credit One.

29.   On or about May 11, 2019, at 2:13 p.m., Plaintiff answered a collection call from iEnergizer Inc. ("iEnergizer"), one of Credit One's third-party vendors. Plaintiff spoke with iEnergizer's representative from telephone number (956) 275-2195. Plaintiff heard a short pause before one of iEnergizer's agents began to speak, indicating the use of an automated telephone dialing system.

30.   iEnergizer informed Plaintiff that it was attempting to collect a debt relating to her Credit One account.

31.   During the call, Plaintiff unequivocally revoked consent to be called any further. Plaintiff informed iEnergizer that she was unable to make a payment and requested that any further communication to her cellular phone cease.

32.   Despite Plaintiff's request not to be contacted on her cellular phone any further, the third-party vendors, including Defendant, continued to contact Plaintiff with calls to her cellular telephone multiple times a day for nearly five (5) months.

33. Between May 11, 2019, and October 8, 2019, the third-party vendors called Plaintiff no less than **SIX-HUNDRED AND THIRTY-TWO (632)** times, with Plaintiff receiving five (5) to seven (7) calls in one day and occasionally up to eight (8) times in one day. On one occasion, the third-party vendors called Plaintiff ten (10) times in one day.

34. Upon information and belief, out of the **SIX-HUNDRED AND THIRTY-TWO (632)** phone calls placed to Plaintiff's cellular telephone, Defendant EGS placed **FOUR HUNDRED AND EIGHTY-NINE (489)** of the calls, non-party iEnergizer placed **ONE HUNDRED AND SIX (106)** of the calls, and non-party First Contact, LLC placed **THIRTY-SEVEN (37)** of the calls.

35. When Plaintiff answered calls from Defendant, she heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

36. Defendant often called Plaintiff multiple times in the same day, indicating the use of a random or sequential number generator to: a) determine the order in which to select phone numbers to be dialed from a preproduced list; and b) store and dial those numbers at later time when Plaintiff did not answer.

37. Upon information and belief, Defendant called Plaintiff's cellular telephone using an artificial prerecorded voice.

38. Upon information and belief, Defendant left automated voicemail messages on

Plaintiff's cellular telephone.

39. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the Account. Furthermore, Defendant's tactic of switching amongst a myriad of phone numbers was done in order to trick Plaintiff into answering the calls.

40. Upon information and belief, the third-party vendors, including Defendant, all have access to Plaintiff's account notes and call records, and were aware that Plaintiff was dealing with financial issues and requested for calls to her cellular telephone to cease, but willfully ignored her situation and her request for them to stop its campaign of harassing phone calls.

41. Upon information and belief, Defendant placed the collection calls on behalf of Credit One, posing to be Credit One and hiding their true identity.

42. Upon information and belief, Defendant has a contractual agreement with Credit One to collect consumer debts on Credit One's behalf.

43. Defendant misrepresented and deceived Plaintiff as to their identity.

44. Defendant placed telephone calls to Plaintiff without a meaningful disclosure as to their identity.

45. Upon information and belief, Defendant intentionally and knowingly refrains from disclosing its true identity so as to try and avoid the requirements of the FDCPA.

46. Upon information and belief, Defendant is separate and distinct entity from non-

party Credit One.

47. Upon information and belief, Defendant is in the business of collecting debts owed or due or asserted to be owed or due another.

48. Defendant's conduct was done willfully and knowingly.

49. Upon information and belief, Defendant was calling third parties, including friends and family, to coerce Plaintiff to make a payment on the Account.

50. Defendant's barrage of calls to Plaintiff's cellphone caused constant disruption and distraction to her daily life, as well as embarrassment and humiliation because her phone would ring constantly while she was with family and friends.

51. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**All Defendants**
**Violations of the TCPA, 47 U.S.C. § 227**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
-9-

than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

54. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Violations of the FDCPA 15 U.S.C. § 1692 *et. seq.*

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. The FDCPA prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

57. The FDCPA also requires that in its initial communication with a consumer, a debt collector disclose that the "debt collector is attempting to collect a debt and that any information obtained will be used for that purpose …." 15 U.S.C.A. § 1692e(11). *See* Costa v. Nat'l Action Fin. Servs., 634 F. Supp. 2d 1069, 1075 (E.D. Cal. 2007) (citing Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) finding "'meaningful disclosure' presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked.")

58. Defendant violated 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692e(11) each time they contacted Plaintiff because it failed to truthfully and correctly identify themselves. Defendant did not inform Plaintiff that they were collecting the alleged debt *on behalf* of Credit One, they identified themselves *as* Credit One.

59. Additionally, the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C.A. § 1692d.

60. Defendant incessantly called Plaintiff despite the clear revocation of her consent. The frequency of the phone calls is violative of the FDCPA on its own.

61. Defendant's actions, as described above, were done willfully and intentionally.

62. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

# COUNT III
## Invasion of Privacy
### (Intrusion upon Seclusion)

63. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

64. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

   b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

65. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendant for the following:

   A.   Declaratory judgment that Defendant violated the TCPA and FDCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E. Actual and punitive damages for intruding upon Plaintiff's seclusion;

F. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. 1692k(3);

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

PRICE LAW GROUP, APC

Date: October 21, 2021

By: */s/Lauren Tegan Rodkey*
Lauren Tegan Rodkey, Esq. (SBN: 275830)
PRICE LAW GROUP, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: 818-600-5526
F: 818-600-5426
tegan@pricelawgroup.com
*Attorneys for Plaintiff*
*Jacey Pacha*

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
-13-